UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK HIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 13-11295-FDS |
| ARTHUR D. FRANK, JR., et al., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

Plaintiff Patrick Higgins, a resident of Swansea, Massachusetts, alleges in his *pro se* complaint violations of his constitutional and civil rights. The defendants are the Town Counsel of the Town of Swansea, the Treasurer/Collector of the Town of Swansea, and the Town of Swansea (the "Swansea defendants"), and Webster Financial Corporation. Plaintiff alleges that this Court has jurisdiction over his claim on the basis of diversity of citizenship because Webster Financial is a Delaware corporation with headquarters in Connecticut while the Swansea defendants are residents of Massachusetts. (Am. Compl. ¶ 5).

The Swansea defendants moved to dismiss the case on July 1, 2013. On July 16, 2013, this Court ordered plaintiff to show cause by August 20, 2013, why the action should not be dismissed for lack of jurisdiction and failure to state a claim. Plaintiff filed an amended complaint, and the Swansea defendants and Webster Financial have filed motions to dismiss. For the reasons set forth below, the motions will be granted.

**I.    Background**

Unless otherwise noted, the facts are stated as alleged in the complaint.

**A.    Factual Background**

Higgins alleges that Treasurer/Collector of the Town of Swansea, Elizabeth Leonardo, cancelled the excise tax payment that Higgins paid on-line on February 28, 2013. (Compl. ¶¶ 6, 9). He alleges that Webster Financial Corporation later allowed Leonardo to access, copy, and print his credit card information, and that Leonardo shared it with third parties. (Compl. ¶¶ 12-14). Higgins received a letter from Town Counsel for the Town of Swansea, Arthur Frank, stating that Webster cancelled his payment because his credit card had expired, and adding that future attempts to pay by expired credit card would be "referred to the District Attorney's office for investigation and potential criminal prosecution." (Compl. ¶¶ 15, 16). However, Higgins contends that his credit card was not expired, and that Frank and Leonardo should have known it was not expired. (Compl. ¶ 18).

Also, Higgins alleges that the Town Clerk for the Town of Swansea, Susan Taveria, refused to allow him to vote by "secret ballot," at the direction of Frank. (Compl. ¶¶ 20, 21).

**B.    The Claims**

Plaintiff alleges, generically, violations of his constitutional and civil rights, citing Mass. Gen. L. ch. 12, § 11 as a basis for his claim. (Compl. ¶ 9). He also alleges a defamation claim against Frank for stating in a letter that plaintiff attempted to use an expired credit card. (Compl. ¶ 19). For relief, he seeks monetary damages of one million dollars. (Compl. ¶

**C.    Procedural History**

On May 24, 2013, plaintiff filed this action *pro se*. The Swansea defendants moved to dismiss the claim on July 1, 2013, and this Court ordered plaintiff to show cause why the

complaint should not be dismissed. On July 16, 2013, plaintiff filed an amended complaint. The Swansea defendants have moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6), and Webster Financial has moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1), (b)(5), and (b)(6).

## II. Analysis

### A. Subject-Matter Jurisdiction

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331, 1332, confer federal question and diversity jurisdiction, respectively. For federal-question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must arise under the Constitution or laws of the United States. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000.

#### 1. Federal-Question Jurisdiction

To the extent plaintiff asserts this Court's federal-question jurisdiction, the complaint simply states that Leonardo violated his constitutional and civil rights when she cancelled his payment and prevented him from using the on-line payment service, and that Taveria refused to allow him to vote by secret ballot. To the extent plaintiff complains of the violation of his constitutional rights, such a claim may be asserted pursuant to 42 U.S.C. § 1983. However, plaintiff does not identify any provision of the Constitution under which he seeks to proceed. And, even if he could make out a claim of denial of a right to a secret ballot, he has not included Taveria as a defendant here.

Further, plaintiff's citation to a state statute, Mass. Gen. L. Ch. 12, § 11(I), which creates a private cause of action for violations of federal or state constitutional or statutory rights, does not give rise to a federal question. *See Louisville & N. R. Co. v. Mottley*, 211 U.S. 149 (1908).

For these reasons, this Court does not have federal-question jurisdiction over this action.

### 2. **Diversity Jurisdiction**

Diversity jurisdiction requires "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *see Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005). Here, the plaintiff and all defendants, except Webster Financial, are from Massachusetts. Because the citizenship of plaintiff and the Swansea defendants are not diverse, diversity jurisdiction under Section 1332 does not exist.

Moreover, diversity jurisdiction mandates that the amount in controversy be at least $75,000. The plaintiff bears the burden of demonstrating that the amount has been met. *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41 (1st Cir. 2012); *Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir. 2001) ("[A]s the party seeking to invoke jurisdiction, [plaintiff] has the burden of showing that he has met the statutory requirements."). Despite plaintiff's assertion that he is entitled to $1 million, the actual amount in controversy appears to be far less than $75,000.

For these reasons, this Court does not have diversity jurisdiction over this action.[1]

### B. **Amendment**

Where, as here, a motion to dismiss is asserted against a *pro se* litigant, any document filed by the *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Plaintiff has been granted, and taken advantage of, an opportunity to

---

[1] Because this Court finds that it does not have subject-matter jurisdiction over the case, it need not rule on Webster Financial's arguments that plaintiff did not properly serve it and that the complaint fails to state a claim. (*See* Webster Mot. Dismiss).

amend his complaint to correct the defects in his initial filing and to show cause why his action should not be dismissed. However, even viewing the amended complaint liberally, this action fails to establish this Court's subject matter jurisdiction.

## III.     Conclusion

For the foregoing reasons, the defendants' motions to dismiss are GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: September 25, 2013